**CIRCUIT COURT OF FAIRFAX COUNTY**

John R. Ellis

v.

Virginia Electric & Power Co.

August 5, 1987

Case No. (Chancery) 101563

By JUDGE LEWIS HALL GRIFFITH

This matter is before the Court on Complainant's Bill of Complaint and Defendant's Motion to Dismiss. Based upon the oral arguments and the memoranda supporting your respective pleadings, the Court grants the Defendant's Motion to Dismiss for lack of subject matter jurisdiction.

Complainant, Ellis, was an employee of Defendant, Virginia Electric & Power Company, in 1984 when he began to suffer from a mental disorder later diagnosed as depression and hypo-mania. The Complainant advised the Defendant that he was experiencing mental health problems in July 1985 prior to his hospitalization for treatment. Following the hospitalization Complainant returned to work. However, on May 27, 1986, Defendant informed Complainant that his employment was terminated due to poor work performance. On June 12, 1986, Complainant, following the procedure set forth in Section 503 of the Rehabilitation Act of 1973, filed a complaint with the U. S. Department of Labor. As a result of its investigation, the Department of Labor determined that there was insufficient evidence to conclude that the contractor (VEPCO) had violated its obligation under the non-discrimination and affirmative action provisions of Section 503.

Complainant seeks to bring the current cause of action under Virginia Code Section 51.01-40 *et seq.* after

a grievance filed with Defendant under this same Section was denied. Defendant claims, however, that it is exempted from the requirements of Section 51.01-41 *et seq.* because it is covered by Section 503 of the federal Rehabilitation Act of 1973. Section 51.01-41(F) of the Virginia Code states specifically that it shall not apply to employers covered by the federal Rehabilitation Act of 1973.

Further, Section 503 of the 1973 Rehabilitation Act provides that:

> any contract in excess of $2,500 entered into by any Federal department or agency. . . shall contain a provision requiring that, in employing persons to carry out such contract the party contracting with the United States shall take affirmative action to employ and advance handicapped individuals. . .

Subsection 503(b) provides a complaint procedure whereby individuals who believe a contractor has failed or refused to comply with the affirmative action clauses may seek redress. The question in controversy then is whether this administrative procedure is the sole remedy available to a handicapped individual who alleges discriminatory treatment by an employer who has federal government contracts in excess of $2,500.

Complainant's argument that to arrive at such a conclusion would leave many Virginians without recourse to pursue their claims in the Courts is well taken. However, that an individual does not have a private right of action in the Federal courts under Section 503 was established in *Rogers v. Frito-Lay*, 611 F.2d 1074 (5th Cir. 1980), *cert. den.* 101 S. Ct. 246, and subsequently followed by other courts in cases such as *Painter v. Horne Brothers, Inc.*, 710 F.2d 143 (4th Cir. 1983), and *Fisher v. City of Tucson*, 663 F.2d 861, *cert. den.* 102 S. Ct. 178 (1982).

Conceding to the fact that he has no private right of action in the Federal courts, Complainant then argues that because he has nothing more than an administrative remedy under Section 503, VEPCO is not "covered" within the meaning of Section 51.01-41(F) and he is therefore entitled to bring his claim in a state judicial forum

under this Section of the Virginia Code. To determine whether Complainant is correct in his assertion, the Court must establish that VEPCO is an employer covered under Section 503. If so, Complainant is precluded from bringing this action under Section 51.01-40 *et seq.*

No definition of "covered" was found in the statutory or case law. Therefore, the Court must determine the intent of the lawmakers by examining both the federal and state statute. Sections 503 and 504 of the 1973 Rehabilitation Act are directed at specific employers of handicapped individuals. Section 503 regulates the employment practices of contractors and subcontractors. Similarly, Section 504 regulates the employment practices of those employers who receive federal financial assistance. For reasons not discernable from the face of the legislation or from the legislative history, Congress chose to provide different remedies for those aggrieved under the two respective sections of the Rehabilitation Act. Nonetheless, remedies are set forth in both sections, an administrative remedy under Section 503 and a legal remedy under Section 504. Because remedies are prescribed for both sections it is logical to surmise that a government contractor such as VEPCO is covered. This is true although the Complainant does not have a private right of action in the federal court.

Since Vepco is covered under Section 503 of the 1973 Rehabilitation Act, this Court would not have jurisdiction to hear Complainant's claim because it is precluded from doing so under Section 51.01-41(F) of the Virginia Code. To construe these two statutes in any other way would open the door for inconsistent results. This would be diametrically opposed to the tenor of both statutes. For at least one Court has determined that an objective of Congress in providing for an administrative enforcement scheme for Section 503 was to insure that there would be a uniform, consistent approach to discrimination against handicapped persons by federal contractors. *Howard v. Uniroyal, Inc.,* 719 F.2d 1552 (11th Cir. 1983). In a similar vein, the Virginia legislature indicated an interest in maintaining consistency between Section 51.1-40, *et seq.* of the Virginia Code and the Rehabilitation Act of 1973 by the inclusion of Section 51.01-41(F).

Complainant's further argument that Section 51.01-41(F), when referring to the Rehabilitation Act of 1973, only applies to Section 504 is not persuasive. There is no reason to believe that the Virginia legislature, intending to exclude some well established Federal legislation, would not have done so explicitly. Rather, from the language of Section 51.01-41(F), it seems clear that the state legislators did not want to establish laws to govern employers already regulated by the Rehabilitation Act.

For these reasons the Court does not have jurisdiction over Complainant's claim and the Defendant's Motion to Dismiss is therefore granted.